# SUMMONS IN A CIVIL ACTION · COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

### CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18906595 | D1 FX | 36964968 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| SYLVESTER CLAYTON IV | **PLAINTIFF** |
| **VS** | |
| MUY HAMBURGER PARTNERS, LLC | **DEFENDANT** |

## SUMMONS

MUY HAMBURGER PARTNERS, LLC
VIA STATUTORY AGENT RLF SERVICE
COMPANY, LLC
30195 CHAGRIN BLVD., STE. 360 W
PEPPER PIKE OH 44124

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

STEPHAN I VOUDRIS
8401 CHAGRIN ROAD        SUITE 8

CHAGRIN FALLS, OH 44023-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

STEVEN E GALL
Do not contact judge. Judge's name is given for attorney's reference only.



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By _____
Deputy

| DATE SENT |
|---|
| Nov 7, 2018 |

COMPLAINT FILED    11/07/2018

CMSN130



November 10,2018

Dear Customer:

The following is the proof-of-delivery for tracking number **783648800513**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | M.LEMANS | Delivery location: | 30195 CHAGRIN BLVD STE 360 |
| | | | PEPPER PIKE, OH 44124 |
| Service type: | FedEx Express Saver | Delivery date: | Nov 8, 2018 10:34 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 783648800513 | Ship date: | Nov 7, 2018 |
| | | Weight: | 0.5 lbs/0.2 kg |

| Recipient: | Shipper: |
|---|---|
| MUY HAMBURGER PARTNERS, LLC | CCoC |
| VIA STATUTORY AGENT RLF SERVICE COM | 1200 Ontario |
| 30195 CHAGRIN BLVD., STE. 360 W | Cleveland, OH 44113 US |
| PEPPER PIKE, OH 44124 US | |
| Reference | CV18906595 |
| Invoice number | 36964968 |

Thank you for choosing FedEx.

CV18906595 / 36964968 / MUY HAMBURGER PARTNERS, LLC / 2018-11-10 05:25



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**New Case Electronically Filed:**
**November 7, 2018 10:44**

By: STEPHAN I. VOUDRIS 0055795

Confirmation Nbr. 1543987

SYLVESTER CLAYTON IV                                    CV 18 906595

　　　　vs.

MUY HAMBURGER PARTNERS, LLC             **Judge:**  STEVEN E. GALL

**Pages Filed:  7**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **SYLVESTER CLAYTON IV** | ) | |
| 2486 Timbertrail Drive South | ) | |
| Columbus, OH 43229 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR OVERTIME** |
| | ) | **WAGES, WHISTLEBLOWING** |
| **MUY HAMBURGER PARTNERS, LLC** | ) | **RETALIATION, WRONGFUL** |
| **via Statutory Agent** | ) | **DISCHARGE IN VIOLATION OF** |
| RLF Service Company, LLC | ) | **PUBLIC POLICY, NEGLIGENCE, AND** |
| 30195 Chagrin Blvd., Ste. 360 W | ) | **FAILURE TO PRODUCE RECORDS** |
| Pepper Pike, OH 44124 | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Sylvester Clayton ("Plaintiff") alleges as follows for his Complaint against Defendant MUY Hamburger Partners, LLC dba Wendy's ("Defendant" or "Wendy's"):

1. Plaintiff worked for Defendant in Cuyahoga County, Ohio in 2018 at the Wendy's Southgate location.

2. Defendant is a limited liability company.

3. Defendant's revenues exceed $500,000 per annum.

4. Defendant is an enterprise engaging in interstate commerce.

5. Plaintiff was in training to become a Wendy's store manager while working for Defendant.

6. Defendant classified Plaintiff as exempt under the Fair Labor Standards Act during his entire employment for Defendant.

7.  Plaintiff, however, was in actuality a non-exempt employee under the Fair Labor Standards Act.

8.  According to Plaintiff's paystubs, Defendant paid Plaintiff on an hourly basis of $21.1538 per hour.

9.  Plaintiff worked at least 50 hours per week at his Wendy's location but did not receive any overtime wages from Defendant or any wages for hours worked over 40 in a week.

10.  Plaintiff also did work for Defendant at home and did not receive any compensation or overtime wages for that work.

11.  While working for Defendant, Plaintiff complained verbally and in writing about being threatened by Defendant's other employees (Bethany and Brian, last names unknown) with a knife and being grabbed by the neck by Brian.

12.  After Plaintiff's complaints, Defendant terminated Plaintiff because of his complaints.

13.  This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

14.  Venue is proper in Cuyahoga County, Ohio.

15.  Plaintiff has suffered damages in excess of $50,000.

16.  Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if Plaintiff is successful on the claims set forth herein.

17.  Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

## COUNT I
## UNPAID OVERTIME

18. Plaintiff re-alleges each allegation set forth in paragraphs 1-17 above.

19. Defendant is required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, et seq.

20. Defendant has violated the Fair Labor Standards Act by not paying Plaintiff overtime wages for all hours worked over a regular 40-hour workweek.

21. Defendant's conduct with regard to not paying overtime wages to Plaintiff was willful.

22. Plaintiff has been damaged by Defendant's nonpayment of overtime wages.

23. Plaintiff is entitled to liquidated damages under the Fair Labor Standards Act.

24. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act.

## COUNT II
## WHISTLEBLOWING RETALIATION

25.  Plaintiff re-alleges each allegation set forth in paragraphs 1-24 above.

26.  While working for Defendant, Plaintiff became aware of violations of Beth and Brian's conduct towards him, and Plaintiff reasonably believed that the violations were criminal offenses that were a felony or were likely to cause a hazard to public health or safety.

27.  Plaintiff orally notified Defendant of the violation, and subsequently sent Defendant a written notice that provided sufficient detail to identify and describe the violation.

28.    Plaintiff engaged in protected activity under Ohio Revised Code 4113.52.

29.    Plaintiff suffered an adverse employment action by being terminated by Defendant.

30.    There is a causal connection between Plaintiff's protected activity and his termination.

31.    Plaintiff suffered damages due to Defendant's conduct.

32.    Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4113.52.

## COUNT III
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

33. Plaintiff realleges each allegation set forth in paragraphs 1-32 above.

34. Plaintiff was an employee-at-will of Defendant.

35. A clear public policy exists prohibiting unsafe work conditions in Ohio Revised Code Sections 4101.11 and 4101.12 and Section 34 of Article II of the Ohio Constitution.

36. Permitting Plaintiff's termination places in jeopardy the clear public policy set forth in Ohio Revised Code Sections 4101.11 and 4101.12 and Section 34 of Article II of the Ohio Constitution.

37. Defendant's termination of Plaintiff was related to the public policy set forth in Ohio Revised Code Sections 4101.11 and 4101.12 and Section 34 of Article II of the Ohio Constitution.

38. Defendant lacked an overriding business justification for the discharge of Plaintiff.

39. Plaintiff has been damaged by Defendant's wrongful discharge.

40. Defendant's wrongful discharge is the cause of Plaintiff's damages.

41. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT IV
## NEGLIGENT TRAINING, RETENTION AND SUPERVISION

42.  Plaintiff realleges each allegation set forth in paragraphs 1-41 above.

43.  Defendant had a duty to use ordinary care in training, retaining, and supervising Bethany and Brian.

44.  Defendant breached its duty to use ordinary care in training, retaining, and supervising Bethany and Brian.

45.  Plaintiff has been damaged by Defendant's failure to use due care.

46. Plaintiff's damages were foreseeable.

47. Defendant's conduct is the proximate cause of Plaintiff's damages.

## COUNT V
## FAILURE TO PRODUCE REQUESTED RECORDS

48.  Plaintiff re-alleges each allegation set forth in paragraphs 1 to 47 above.

49.  On or about August 17, 2018, a person acting on behalf of Plaintiff sent a request to Defendant for documents and records required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

50.  Defendant received the request for documents and records regarding Plaintiff that are required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

51.  Defendant did not produce the daily time documents or records in response to the request.

52.  Plaintiff may bring this action pursuant to Ohio Revised Code Section 4111.14(K).

53.  Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Section 34(a) of Article II of the Ohio Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant for his unpaid overtime wages, liquidated damages, lost wages and fringe benefits, reinstatement or front pay, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Stephan I. Voudris
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
440-543-0670
440-543-0721 (fax)

*Counsel for Plaintiff*

_Sylvester Clayton_ agrees and consents to become a party plaintiff in this lawsuit.

**EXHIBIT A**

Electronically Filed 11/07/2018 10:44 /  / CV 18 906595 / Confirmation Nbr. 1543987 / CLDLJ