UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVESTER CLAYTON IV, | ) | Case No. 1:18-cv-02816-SO |
| | ) | |
| Plaintiff, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| vs. | ) | **DEFENDANT'S ANSWER TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| MUY HAMBURGER PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Defendant MUY Hamburger Partners, LLC ("Defendant"), by and through its undersigned counsel, and for its answer to the Complaint of Sylvester Clayton IV ("Plaintiff" or "Clayton"), states as follows:

**INTRODUCTION**

1. Defendant admits only that Clayton worked as a General Manager Designate starting on or about July 2, 2018 at its restaurant located at 5360 Warrensville Center Road, Maple Heights, Ohio 44137 and that that restaurant is located in Cuyahoga County, Ohio. Further answering, Defendant denies all other allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendant states that Clayton worked as, and performed the job duties of, a General Manager Designate at its restaurant located at 5360 Warrensville Center Road, Maple Heights, Ohio 44137. Further answering, Defendant denies all other allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. In response to the allegations contained in Paragraph 8 of the Complaint, as a General Manager Designate, Clayton was an at-will employee, and was paid on a salary basis. Further answering, Clayton's weekly salary exceeded $455 per week, as required for exempt status under the "executive" and/or "administrative" exemptions under Part 541, delimiting 29 U.S.C. § 213(a)(1) of the Fair Labor Standards Act ("FLSA"). Further answering, Defendant states that Plaintiff's pay stubs state "Pay Rate $21.1538," which has no bearing as to how Plaintiff was paid, inasmuch as the $21.1538 figure equated to a weekly salary of $846.15, which Plaintiff was paid regardless of the quantity or quality of his work as required by 29 C.F.R. § 541.600, *et seq.* Further answering, Defendant denies all other allegations contained in Paragraph 8 of the Complaint and denies that it paid Plaintiff on an hourly basis.

9. In response to the allegations contained in Paragraph 9 of the Complaint, Defendant states that Clayton was employed in an exempt position under the FLSA and denies that Clayton was entitled to any overtime compensation. Further answering, Defendant denies all other allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits only that Plaintiff communicated about an incident involving himself and two co-workers, Bethany Bates and Brian Bland, which was reported to management by Bethany Bates. Further answering, Defendant states that it investigated the incident and took appropriate remedial action. Further answering, Defendant denies all other allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendant admits only, as indicated in the removal papers previously filed removing this case from the Cuyahoga County Court of Common Pleas to this Court, that the United States District Court for the Northern District of Ohio has subject matter jurisdiction and personal jurisdiction over the claims raised in Plaintiff's Complaint. Further answering, Defendant denies all other allegations contained in Paragraph 13 of the Complaint and denies it has violated any state or federal statute or the common law.

14. In response to the allegations contained in Paragraph 14 of the Complaint, Defendant admits only, as indicated in the removal papers removing this case from the Cuyahoga County Court of Common Pleas to this Court, that the United States District Court for the Northern District of Ohio is an appropriate venue for this action. Further answering, Defendant denies all other allegations contained in Paragraph 14 of the Complaint and denies that it has violated any state or federal statute or the common law.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies them.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Defendant states that Exhibit A to Plaintiff's Complaint speaks for itself. Further answering, Defendant denies all other allegations contained in Paragraph 17 of the Complaint.

<strong><u>COUNT I</u></strong><br><strong><u>UNPAID OVERTIME</u></strong>

18. Defendant restates, reavers and incorporates by reference its answers to Paragraphs 1-17 of the Complaint, above, as if fully rewritten herein.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Defendant states that it is covered by the FLSA, 29 U.S.C. § 201, *et seq.* Further answering, Defendant states that it has complied with the requirements of the FLSA as it relates to Clayton. Further answering, Defendant denies all other allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT II
## WHISTLEBLOWING RETALIATION

25. Defendant restates, reavers and incorporates by reference its answers to Paragraphs 1-24 of the Complaint, above, as if fully rewritten herein.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint improperly alleges legal conclusions as factual allegations to which no response is required. To the extent further response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits only that Clayton's employment with Defendant ended involuntarily on or about August 7, 2018. Further answering, Defendant denies all other allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## COUNT III
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

33. Defendant restates, reavers and incorporates by reference its answers to Paragraphs 1-32 of the Complaint, above, as if fully rewritten herein.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint improperly alleges legal conclusions as factual allegations to which no response is required. To the extent further response is required, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

## COUNT IV
## NEGLIGENT TRAINING, RETENTION AND SUPERVISION

42. Defendant restates, reavers and incorporates by reference its answers to Paragraphs 1-41 of the Complaint, above, as if fully rewritten herein.

43. Paragraph 43 of the Complaint improperly alleges legal conclusions as factual allegations to which no response is required. To the extent further response is required, Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

FPDOCS 34750986.1

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT V
## FAILURE TO PRODUCE REQUESTED RECORDS

48. Defendant restates, reavers and incorporates by reference its answers to Paragraphs 1-47 of the Complaint, above, as if fully rewritten herein.

49. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, denies them.

50. Defendant admits only that it received a letter from Voudris Law LLC dated August 17, 2018 regarding Clayton, and that this letter requested certain documents and information. Further answering, Defendant denies all other allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. In response to the allegations contained in Paragraph 52 of the Complaint, Defendant states that Ohio Revised Code § 4111.14(K) speaks for itself. Further answering, Defendant denies all other allegations contained in Paragraph 52 of the Complaint. Further answering, Defendant states that Plaintiff's claim is moot.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. As to Plaintiff's Prayer for Relief and WHEREFORE Paragraph, Defendant denies that Plaintiff is entitled to any relief, damages or remedy, including, but not limited to, those requested in the WHEREFORE Paragraph contained in the Complaint.

55. Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND SPECIAL DEFENSES

1. Plaintiff's Complaint should be dismissed in whole or in part for failure to state a claim or claims upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with his compensation were done in good faith in conformity with and reliance upon written regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

3. Plaintiff's claims for liquidated damages are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

4. Plaintiff cannot establish any act or omission of Defendant that was willful under the FLSA or applicable Ohio law.

5. Defendant's pay practices comply with and have complied with at all relevant times the requirements of all applicable statutes and regulations.

6. The imposition of statutory penalties would violate Defendant's rights, including the right to due process and equal protection under the United States Constitution and other laws.

7. Plaintiff's claims are barred by the doctrines of laches, estoppel, consent, acquiescence, release, waiver or unclean hands.

8. Plaintiff is exempt from minimum wage and overtime pay requirements in light of the applicable statutory exemptions, including, but not limited to, the executive employee exemption and/or the administrative employee exemption, 29 U.S.C. § 213(a)(1).

9. Plaintiff failed to timely and/or properly exhaust administrative remedies or follow statutory or common law prerequisites necessary to maintain his claims.

10. Plaintiff's damages, if any, are barred and/or limited by his failure to mitigate.

11. Plaintiff's claims are barred by the applicable statutes of limitation.

12. Any damages sought by Plaintiff must be offset and/or reduced by benefits Plaintiff has received from any collateral source, pursuant to applicable law, including Ohio Revised Code § 2315.20.

13. Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions and/or alternative concurrent cause which may not be the result of any act or omission of Defendant.

14. Plaintiff's damages claim is subject to any and all applicable damages caps under applicable law.

15. Plaintiff's claims for alleged non-economic damages are limited under Ohio Revised Code § 2315.18.

16. Plaintiff's claims for alleged punitive damages are limited under Ohio Revised Code § 2315.21.

17. Plaintiff's claims for alleged punitive damages should be bifurcated in accordance with Ohio Revised Code § 2315.21.

18. Plaintiff's claims for alleged punitive damages are barred or limited by the due process and equal protection clauses of the U.S. Constitution and by analogous provisions of the

Ohio Constitution. To the extent Plaintiff seeks to make Defendant liable for punitive damages, Defendant adopts by reference whatever defenses, criteria, limitations and standards are mandated by the U.S. Supreme Court's decision in *BMW North Am., Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny.

19. Plaintiff is not entitled to recover punitive damages because these damages are not available remedies for some or all of the claims in his Complaint and/or because Defendant's actions were not willful, malicious, and without justification.

20. Plaintiff's own conduct is the proximate cause of any alleged damages.

21. Plaintiff's claims are barred or limited by Defendant's good faith efforts to comply with applicable employment laws and regulations.

22. Plaintiff's claims are barred or limited by Plaintiff's own contributory and/or comparative negligence or the contributory or comparative negligence of others.

23. Plaintiff's claims may be barred and/or limited by the after-acquired evidence doctrine.

24. Plaintiff lacks standing to assert some or all of the claims in Plaintiff's Complaint.

25. Plaintiff's Complaint should be dismissed due to the absence of a case or controversy and/or due to mootness with respect to some or all of the claims in Plaintiff's Complaint.

26. Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy the conditions precedent to filing some or all of the claims in the Complaint.

27. Defendant is not liable for punitive damages because of any improper acts on the part of its employees or agents, as those acts were contrary to Defendant's good faith efforts to

9

comply with the law by implementing policies and programs designed to prevent such improper acts in the workplace.

28. All employment-related decisions made with respect to Plaintiff, or which affected Plaintiff, were made for legitimate, non-retaliatory reasons.

29. Plaintiff has no claim against Defendant because Defendant took the proper remedial or corrective action in response to any incident involving and/or raised by Plaintiff.

30. Plaintiff's public policy claim is barred because existing statutes or common law theories provide adequate relief.

31. Plaintiff has failed to satisfy all statutory conditions precedent under Ohio Revised Code § 4113.52 to filing his Complaint.

32. Plaintiff's claim for compensatory damages, punitive damages or any other relief inconsistent with Ohio Revised Code § 4113.52 is barred.

33. Defendant denies that Plaintiff was subjected to any retaliatory employment practice or adverse action, but states that if such a practice or action is found, the same employment decision(s) regarding Plaintiff would have been made in the absence of any retaliatory motive.

34. The allegations made by Plaintiff, if true, do not rise to the level of an actionable cause of action under Ohio Revised Code § 4113.52.

35. Plaintiff's claims are barred, in whole or in part, to the extent Defendant provided Plaintiff with the records requested as soon as practicable and in a manner that avoided hardship on Defendant under the circumstances.

36. Defendant reserves the right to assert additional affirmative or other defenses in the event discovery or further proceedings indicate such defenses would be appropriate or become known to Defendant throughout the course of this litigation.

WHEREFORE, having answered Plaintiff's Complaint, Defendant hereby demands that the Complaint be dismissed with prejudice as to future action; Plaintiff be denied all relief demanded in the Complaint; Defendant be awarded its costs, expenses and attorneys' fees in defending this action; and Defendant be awarded any or other further relief to which it is entitled.

    Respectfully submitted,

*/s/ Richard A. Millisor*
Richard A. Millisor (0062883)
James M. Patrick (0088026)
FISHER & PHILLIPS LLP
200 Public Square, Suite 4000
Cleveland, Ohio 44114
Telephone: (440) 838-8800
Fax: (440) 838-8805
rmillisor@fisherphillips.com
jpatrick@fisherphillips.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2018, a copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system.

> */s/ Richard A. Millisor*
> Richard A. Millisor (0062883)
>
> *Counsel for Defendant*